IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WISCONSIN
WESTERN DIVISION

| | |
|---|---|
| ADAMS ST APARTMENTS LLC,<br>　　Plaintiff,<br><br>v.<br><br>PEKIN INSURANCE COMPANY,<br>　　Defendant. | §<br>§<br>§<br>§　Case No. 14-cv-376<br>§<br>§<br>§<br>§ |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Adams St. Apartments, LLC (hereinafter "Plaintiff"), by and through its attorneys Machulak Robertson & Sodos, S.C. and Attorney Eugene Bykhovsky, and files this Original Complaint against Pekin Insurance Company ("Defendant") as follows:

### NATURE OF THE CASE

1. Plaintiff owns the properties which are located at 231 E. Adams St., Apartments 101-105, Wisconsin Dells, WI (hereinafter "Properties").

2. Prior to the occurrence in question, the Plaintiff purchased an insurance policy from Defendant to cover the Properties at issue in this case for a loss due to wind storm damage.

### PARTIES

3. Plaintiff is Wisconsin Limited Liability Company that owns the Properties located in Adams County, Wisconsin.

4. Defendant, Pekin Insurance Company, is a corporation engaged in the business of selling insurance policies and adjusting insurance claims with a principal place of business in Illinois. Pekin sells insurance policies in Wisconsin, including the policy number 00BUS4710-0, which applies to the Properties, and is at issue in the present case. Accordingly, Defendant may be served through its Wisconsin Registered Agent, THOMAS P MESSER, 47 PARK PLACE, LOWER, APPLETON, WI 54914-8276.

**JURISDICTION AND VENUE**

5. This court has jurisdiction over all parties of this lawsuit under 28 U.S.C. § 1332(a)(1) because Pekin Insurance Company and Plaintiff are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs.

6. Peking Insurance Company is a corporation organized under the laws of Illinois and has its principal place of business in Illinois. As such, for diversity purposes, Peking Insurance Company is a citizen of the State of Illinois.

7. Venue is proper for this action, since Plaintiff is located in Adams County, Wisconsin.

**FACTUAL BACKGROUND**

8. Defendant is, and during all relevant times has been, in the business of underwriting and issuing policies of property insurance and is authorized to transact business in many states.

9. On or around May 28, 2012, the Properties suffered incredible damage due to wind storm conditions.

10. In the aftermath, Plaintiff relied on Defendant to help begin the rebuilding process. By and through its policy, Plaintiff was objectively insured for the subject losses in this matter.

11. Pursuant to its obligation as a policyholder, Plaintiff made complete payment of insurance premiums in a timely fashion. Moreover, its policy covered Plaintiff during the time period in question.

12. Despite Plaintiff's efforts, Defendant continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

13.     Moreover, Defendant has failed to make any attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

14.     In the months following, Plaintiff provided information to Defendant, as well as opportunities for Defendant to inspect the Properties. However, Defendant failed to conduct a fair investigation into the damage to the Properties. Moreover, Defendant failed to properly inspect the Properties and its related damages, failed to properly request information, failed to properly investigate the claim, failed to respond to requests for information from Plaintiff, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations regard to Plaintiff's claims.

15.     Despite Defendant's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Defendant. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Defendant failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this date, Plaintiff has not received proper payment for its claim, even though notification was provided.

16.     Defendant has failed to explain the reasons for failing to offer adequate compensation for the damage to the Properties. Defendant has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Defendant did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

17.     Defendant has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant in a timely manner.

18. Defendant has, to date, refused to fully compensate Plaintiff under the terms of the policy that Plaintiff paid for, even though it was Defendant that failed to conduct a reasonable investigation. Ultimately, Defendant performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

19. Defendant has failed to meet its obligations under respective statutes regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

20. As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Defendant. Unfortunately, Plaintiff has therefore been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

21. In addition, Defendant has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.

22. Defendants had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Plaintiff's Properties. Defendant breached this duty in a number of ways, including but not limited to the following:

   a. Defendant was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's property loss;

   b. Defendant had a duty to competently and completely handle and pay all damages associated with Plaintiff's residence; and/or

   c. Defendant failed to properly complete all adjusting activities associated with Plaintiff.

23. Defendant's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## COUNT I
## BREACH OF CONTRACT

24. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

25. According to the policy that Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claim made due to the extensive damages caused by the subject storm related conditions, and other covered events.

26. As a result of the above, Plaintiff suffered extreme external and internal damages.

27. Despite objective evidence of such damages, Defendant has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Properties, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## COUNT II
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

28. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

29. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

30. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Defendant knew or should have known that it was reasonably clear that Plaintiff's claims were covered. These acts, omissions, failures, and conduct by Defendant are a proximate cause of Plaintiff's damages.

## COUNT III
## BREACH OF FIDUCIARY DUTY

31. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

32. Defendant had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff. As a result, Defendant owed a duty of good faith and fair dealing to Plaintiff. Defendant's breached that fiduciary in that:

    a. The transaction was not fair and equitable to Plaintiff;

    b. Defendant did not make reasonable use of the confidence that Plaintiff placed upon it;

    c. Defendant did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

    d. Defendant did not place the interests of Plaintiff before its own, and Defendant used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

    e. Defendant placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

    f. Defendant did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

33. Defendant is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Defendant's conduct.

## COUNT IV
## UNFAIR AND DECEPTIVE ACTS

34. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

35. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance.

36. Such violations include, without limitation, all the conduct described in this Original Complaint, plus Defendant's failure to properly investigate Plaintiff's claim. Plaintiff also includes Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Defendant's failure to pay for the proper repair of Plaintiff's Properties, as to which Defendant's liability had become reasonably clear.

37. Additional violations include Defendant's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's wind and hail damage and other related claims. Plaintiff further includes Defendant's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Defendant's misrepresentations of coverage under the subject insurance policy. Specifically, Defendant is also guilty of the following unfair insurance practices:

    a. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    b. Engaging in unfair claims settlement practices;

    c. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims as to which Defendant's liability had become reasonably clear;

    e.    Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

    f.    Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

    g.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

38.    Defendant has also breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Complaint.

## COUNT V
## MISREPRESENTATION

39.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

40.    Defendant is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Defendant did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to its detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the properties, loss of use of the properties, mental anguish and attorney's fees. Defendant is liable for these actual consequential and penalty-based damages.

## COUNT VI
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

41. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

42. Plaintiff would show that Defendant perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in its injuries and damages. Alternatively, Defendant fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the wind and hail storm.

43. Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff. Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

44. By reason of Plaintiff's reliance on Defendant fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which it now sues.

45. Plaintiff further alleges that because Defendant knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Defendant, and constitutes conduct for which the law allows the imposition of exemplary damages.

46. In this regard, Plaintiff will show that it has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

47. Accordingly, Plaintiff requests that penalty damages be awarded against Defendant in a sum in excess of the minimum jurisdictional limits of this Court.

## COUNT VII
## WAIVER AND ESTOPPEL

48. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

49. Defendant has waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

50. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff that far exceeds the minimum jurisdictional limits of this court.

51. Defendant Pekin acted with an intentional disregard of the rights of the plaintiff, and the plaintiff is seeking exemplary damages pursuant to sec. 895.043 Wis. Stats.

## ATTORNEY FEES

52. In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees.

## JURY DEMAND

53. Plaintiff demands a jury trial.

## PRAYER

54. Plaintiff prays that Judgment be entered against Defendant, and that Plaintiff be awarded all of its actual damages, consequential damages, exemplary damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, deemed equitable and just by the Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Defendant, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**MACHULAK, ROBERTSON & SODOS, S.C.**


___/s/ Eugene Bykhovsky_____
Eugene Bykhovsky
State Bar No. 1046111
1733 North Farwell Avenue
Milwaukee, Wisconsin   53202
tel. (414) 271-0760
fax. (414) 271-6363
eugene@lawmessage.com

**ATTORNEY FOR PLAINTIFF**
Local Counsel

- and-

**THE VOSS LAW FIRM, P.C.**


/s/Scott Hunziker_____
Scott G. Hunziker
State Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021

**ATTORNEY FOR PLAINTIFF**
**Pending Admission *Pro Hac Vice***